

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. D. M. Wiggins
President, College of
Mines and Metallurgy
El Paso, Texas

Dear Dr. Wiggins:

Opinion No. 0-7063
Re: Whether or not the item $7,748.30 in H. B. No. 701 — Miscellaneous Claims — 49th Legislature, R. S., to pay the College of Mines and Metallurgy for the purpose of acquiring additional lands, may be used in part for paving, curbing and constructing sidewalks around the property involved.

We beg to acknowledge receipt of your request for an opinion concerning the above subject matter, your letter in full being as follows:

"Following up a conference of Miss Betty Anne Thedford, Assistant Registrar of the College of Mines, El Paso, Texas, with both Governor Coke Stevenson and with Judge L. H. Flewellen of your staff, I am writing you in regard to the following item which appears in H. B. No. 701 of the 49th Legislature, Regular Session, and which item is found on Page 481 of the GENERAL AND SPECIAL LAWS, TEXAS, REGULAR SESSION, 1945:

"'To pay the College of Mines and Metallurgy, a branch of The University of Texas at El Paso, for the purpose of acquiring additional lands within and adjacent to the present campus of the College of Mines and Metallurgy, in lieu of the twenty-two acres of land formerly belonging to said college and being a part of the August Meisel Survey, Number 187, situated near El Paso, in El Paso County, and which twenty-two acres of land was condemned by the United States Government and so taken

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. D. M. Wiggins, page 2

by the United States Government for enlarging and improving the Military Post or Reservation at Fort Bliss, Texas, for which the amount hereby appropriated was received from the United States Government and deposited in the State Treasury to the credit of the Permanent Fund of the University of Texas. . . . . . . . . . . . . . . . .$7,748.30'

"On February 5, 1945, Senator H. L. Winfield introduced in the Senate the following bill, hereafter known as S. B. No. 110:

"'A BILL TO BE ENTITLED

"'AN ACT making an appropriation of $7,748.30 to the College of Mines and Metallurgy, a branch of The University of Texas, at El Paso, Texas, for the purpose of acquiring additional land within and adjacent to the campus of said College and the making of improvements thereon; and declaring an emergency.

"'PREAMBLE

"'WHEREAS, under a judgment rendered on October 27, 1941, in a condemnation proceeding styled "United States of America v. State of Texas, et al, No. 107-Civil," in the United States District Court for the Western District, El Paso Division, State of Texas, the United States Government acquired title to a tract of 22 acres of land, being a part of the August Meisel Survey No. 187 situated near El Paso, County of El Paso, State of Texas, then belonging to the State of Texas for the use and benefit of the College of Mines and Metallurgy, and was so taken by the United States Government for the purpose of providing additional lands in its program of enlarging and improving the Military Post or Reservation at Fort Bliss, Texas, as authorized by law, and paid as compensation for the taking of said property the sum of $7,748.30, principal and interest; and

"'WHEREAS, said sum of money was, in accordance with the requirements of law, deposited in the State Treasury and credited to the Permanent Fund of The University of Texas; and

"'WHEREAS, the land so taken by the United States Government was the abandoned site of the College of Mines and Metallurgy, which in the establishment of said College

by the Legislature of the State of Texas was donated
to the State as a site for said College, and consequently,
the College of Mines and Metallurgy, is justly entitled
to the use and benefit of the compensation paid by the
Government for this property, which makes necessary the
appropriation made by this Act.

"'BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"'Section 1. There is hereby appropriated out of any
moneys in the State Treasury not otherwise appropriated
the sum of $7,748.30, or so much thereof as may be neces-
sary, to be expended for the purpose of acquiring addi-
tional lands within and adjacent to the present campus
of the College of Mines and Metallurgy, a branch of The
University of Texas, at El Paso, and the making of improve-
ments thereon. The Board of Regents of The University of
Texas is hereby authorized to purchase such property as it
may deem proper and necessary within and adjacent to said
campus of the College of Mines and Metallurgy and to make
such improvements thereon as it may deem proper and neces-
sary and to enter into contracts for these purposes.

"'Section 2. The fact that the College of Mines and
Metallurgy at El Paso is greatly in need of additional
lands and improvements and the fact that said College
is entitled to the immediate use and benefit of the money
hereby appropriated for said purposes creates an emergency
and an imperative public necessity that the Constitutional
Rule requiring bills to be read on three several days in
each House be suspended, and the same is hereby suspended,
and this Act shall take effect and be in force from and
after its passage, and it is so enacted.'

"You will observe that this bill says, quote in part:
'. . . for the purpose of acquiring additional land within
and adjacent to the campus of said College and the making
of improvements thereon . . .'

"S. B. No. 110 was reported favorably out of the
Committee in the Senate on March 29 and passed the Senate
on May 15, 1945. In the meantime, since the Session was
drawing near to the close, Senator Winfield submitted a
copy of this bill (S. B. No. 110) to the Committee on
Claims and Accounts and asked that same be inserted in the
Miscellaneous Claims Bill. As I understand it, this request,
along with the other requests made to the Committee on

Claims and Accounts was submitted to the Attorney General's Department (Judge Flewellen acted as adviser to this Committee.) for approval before being inserted in the Miscellaneous Claims Bill; after all claims, including the claim in question, were approved by the Attorney General's Department, Mrs. Edna Rosen, Secretary of the Committee on Miscellaneous Claims and Accounts, typed the Miscellaneous Claims Bill and Judge Flewellen aided her in wording the various claims, including the one in question. It was an inadvertency on some one's part that the phrase 'and the making of improvements thereon' was omitted. This bill (H. B. No. 701-Miscellaneous Claims Bill) was passed in the Senate May 18, 1945, and the House concurred on May 21. In the meantime, S. B. No. 110 was received in the House and passed the House on May 31, 1945.

"On June 4, 1945, H. B. No. 701 was filed by the Governor without his signature. The author of S. B. No. 110, not knowing what the outcome of H. B.No. 701 might be, had not made any effort to withdraw S. B. No. 110; but immediately upon the filing by the Governor of H. B. No. 701, Senator Winfield requested the Governor to veto S. B. No. 110 in view of the fact that there was a duplication since he was under the impression that H. B. No. 701 carried in full the item asked for in S. B. No. 110. The Governor then vetoed S. B. No. 110 at the author's request.

"In view of the fact that S. B. No. 110 was approved by both Houses of the Legislature and was vetoed at the request of the author and since we feel that it was the implied intention of the Legislature in both instances to provide for both the purchasing and the improving of the property, I should like to have an opinion from the Attorney General's Department advising whether expenditures may be made for paving, curbing, and constructing sidewalks around the property in question."

You have correctly quoted the item involved, and it is clear therefrom that the appropriation was made to the permanent fund of the University of Texas, expressly for the purpose of acquiring additional land within and adjacent to

the present campus of the College of Mines and Metallurgy.
The making of improvements upon such land is quite a
different thing from the purpose of the appropriation,
and cannot be allowed upon any conception of such mistake
or inadvertence as mentioned by you.  The validity of an
act may not be attacked or its plain meaning perverted by
matters thus foreign to the legislative processes.  Such
consideration is beyond the utmost latitude of statutory
construction.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By       Ocie Speer
          Assistant

OS:AMM





APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN